**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 20-CR-152 (ABJ)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **DOMINIQUE MAXEY,** | : | |
| | : | |
| **Defendant.** | : | |

_____

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. This memorandum, together with such evidence as may be presented at the sentencing hearing and the Government's allocution at the time of sentencing, is intended to outline to the Court relevant matters relating to what the government believes would be an appropriate sentence in this case. Because of this conviction, the government has reviewed the defendant's plea agreement and Proffer, *see* ECF Nos. 66 and 67, the application of the advisory Sentencing Guidelines, the Final Presentence Report ("PSR") prepared by U.S. Probation Officer ("USPO") Ms. Erin McCourt, *see* PSR ECF No. 72 and USPO's Recommendation, *see* ECF No. 73, and all relevant factors set forth in 18 U.S.C. § 3553 for any impact on the appropriate sentence for the defendant in this matter. Based on that thorough and comprehensive review, the government respectfully avers that this Court should sentence the defendant to a term of twenty-four (24) months' Probation. The government's recommendation is consistent with the recommendation of USPO Ms. McCourt as outlined in ECF No. 73.

## I.   **PROCEDURAL HISTORY**

On August 15, 2023, the defendant pled guilty to Count 2 of the Superseding Information pursuant to a Rule 11(c)(1)(B) plea agreement. The plea agreement acknowledged that a violation of 22 DCC § 3302 carries a statutory maximum term of imprisonment of not more than 180 days, a fine of not more than $1,000, or both, and a special assessment of $50. If a term of probation is imposed in conjunction with a sentence suspended in whole or part may not exceed five years.

At sentencing, the Government will request that the Court dismiss the pending Indictment at the time of sentencing. The parties agreed that the D.C. Sentencing Guidelines do not apply to misdemeanor convictions and therefore there is no Estimated Guideline Range in this case. The parties further agreed that a sentence up to the statutory maximum sentence would constitute a reasonable sentence in light of all of the factors set forth in 18 USC § 3553(a). The defendant agreed that any term of probation or supervised release shall be monitored, supervised, and otherwise governed as if the crime to which he is pleading guilty was a federal crime. Accordingly, the provisions of 18 USC § 3583 shall apply with respect to the defendant's probation or supervised release, and the probation or supervised release shall be monitored and supervised by the United States Probation Office for the District of Columbia.

## II.   **FACTUAL BACKGROUND**

On May 31, 2020, at approximately 2:00 a.m., several males were seen destroying an ATM outside a SunTrust located at 1275 K Street, N.W., one of the males broke a glass window which led to the interior of the bank. The defendant admitted and acknowledged that he entered the bank through the broken window. Surveillance video showed the defendant going behind the teller counter and looking through drawers and cabinets. Moreover, the defendant admitted and acknowledged that his entry into the bank was unauthorized, and the defendant did so

without lawful authority and against the will of the owner or lawful occupant.

### III.   GOVERNMENT'S RECOMMEDATION

Significantly, the government avers that in reviewing the PSR prepared by USPO Ms. McCourt, she found that the defendant is a 29-year-old man who has no prior criminal convictions. *See* PSR ECF No. 72 ¶¶ 17-19. However, the government is particularly concerned that someone with no criminal history would participate late at night of going in a bank and ransacking through the bank with others. The government has also reviewed the defendant's Personal and Family Data as outlined in the PSR which outlined the defendant's relationship with his mother and his other family members. *See Id*. at ¶¶ 26-35. In addition, the government has reviewed the defendant's Mental and Emotional Health and Substance Abuse backgrounds as outlined in his PSR. *See Id*. at ¶¶ 40-41.

For the foregoing reasons, the Government respectfully requests that this Court impose a sentence of twenty-four (24) months' Probation to ensure that the defendant never commits any such acts as outlined herein ever again.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


By:      /s/ *Emory V. Cole*
Emory V. Cole
PA. Bar #49136
Assistant United States Attorney
United States Attorney's Office for D.C.
601 D Street, N.W.
Washington, D.C. 20530
E-mail: Emory.Cole@usdoj.gov
Telephone: (202) 252-7692